## W. BENNETT *v*. THE STATE.

CONSTITUTIONAL LAW — COUNTY JUDGES' FEES. — Though the Constitution provides that "no judge shall sit in any cause wherein he may be interested," the fact that a county judge's compensation in a misdemeanor case is a fee to be paid by the defendant, if convicted, does not disqualify the judge from trying such a case. The Constitution itself provides that the compensation of county judges shall be "such fees and perquisites as may be prescribed by law."

APPEAL from the County Court of Grayson. Tried below by the Hon. A. E. WILKINSON, County Judge.

The opinion states the case.

No brief for the appellant.

*George McCormick*, Assistant-Attorney General, for the State.

WHITE, J. Appellant was indicted under the act of April 9, 1873 (Gen. Laws Thirteenth Legislature, 36), for keeping and exhibiting a bank for gaming purposes. On the trial in the County Court he pleaded guilty, and the jury assessed his punishment at a fine of $50, and imprisonment for ten days in the county jail, and judgment was rendered accordingly. He now appeals, and the only matter assigned as error is that the county judge was disqualified from trying the cause, because his fees were dependent upon conviction; and, in support of the proposition, the appellant relies upon the 11th section of article 5 of the Constitution, which provides that "no judge shall sit in any cause wherein he may be interested," etc.

The question, we think, is conclusively settled by the provisions of the 15th section of the 5th article, and the laws passed in pursuance thereof. The 15th section reads:

"There shall be established in each county in this state a

County Court, which shall be a court of record; and there shall be elected in each county, by the qualified voters, a county judge, who shall be well informed in the law of the state, shall be a conservator of the peace, and shall hold his office for two years, and until his successor shall be elected and qualified. He shall receive as compensation for his services such fees and perquisites as may be prescribed by law."

Under this provision the first Legislature (the Fifteenth) which convened after the adoption of the Constitution, in section 6 of "An act to fix and regulate the fees of all officers of the state of Texas, and the several counties thereof," in fixing the fees of county judges, provides that the county judge shall receive as a fee, "for every case of misdemeanor or *habeas corpus* finally disposed of by him, five dollars, to be paid by the defendant, if convicted." Acts Fifteenth Legislature, 285, 286.

The judgment of the court below is affirmed.

*Affirmed.*